UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
STEVEN McCARTNEY,

        Plaintiff(s),

v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
STEPHANI FIDANZA, Shield # 5835
41st Precinct,
NEW YORK CITY POLICE OFFICER
STEPHANIE CEPEDA, Shield # 15501
41st Precinct,
NEW YORK CITY POLICE OFFICER
SHAREEN GRANT, Shield # 20804
Criminal Justice Bureau,
        Defendant(s).
--------------------------------------------------------X

**COMPLAINT &
JURY DEMAND**

**PRELIMINARY STATEMENT**

1. This is a Civil Rights action in which Plaintiff, STEVEN McCARTNEY, seeks redress for the Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the Laws and Constitution of the State of New York.

**JURISDICTION**

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars,

–1–

exclusive of interest and costs.

3. The Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

**VENUE**

6. Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

**PARTIES**

7. Plaintiff, STEVEN McCARTNEY is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICER STEPHANI FIDANZA Shield # 5835, upon information and belief of the 41st Precinct, NEW YORK CITY POLICE OFFICER STEPHANIE CEPEDA Shield Number 15501, also of the 41st Precinct, and NEW YORK CITY POLICE OFFICER SHAREEN GRANT, Shield # 20804, upon information and belief of the Criminal Justice Bureau,  are, and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant(s), OFFICERS FIDANZA, CEPEDA and GRANT are sued individually and in their

–2–

official capacity. At all times relevant, Defendant(s) OFFICERS FIDANZA, CEPEDA and GRANT were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant(s), OFFICERS FIDANZA, CEPEDA and GRANT were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by Defendant NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

**STATEMENT OF FACTS**

11. On September 27, 2012 at approximately 8:15 p.m. Plaintiff was in the vicinity of Barry Street and Burnett Place in Bronx County, when he was approached by Defendant NEW YORK CITY POLICE OFFICER STEPHANI FIDANZA, Shield # 5835. Defendant OFFICER FIDANZA, who was working undercover as part of an undercover prostitution sting, proceeded to offer the Plaintiff sexual services for a monetary fee. The Plaintiff, who was stopped at a stop sign when he was propositioned by Defendant OFFICER FIDANZA, declined the offer, informing Defendant OFFICER FIDANZA that Plaintiff believed she was a police officer. The Plaintiff proceeded to turn down the street when he was ordered to pull over by other members of THE NEW YORK CITY POLICE DEPARTMENT, including named Defendant NEW YORK CITY POILCIE OFFICER STEPHANIE CEPEDA, who upon information and belief, were responding to a signal initiated by Defendant OFFIDER FIDANZA after her conversation with the Plaintiff. The Plaintiff was ordered to exit his vehicle, whereupon Plaintiff was physically searched by members of THE NEW YORK CITY POLCIE DEPARTMENT and then placed under arrest by Defendant NEW YORK CITY POLICE OFFICER STEPHANIE CEPEDA. The Plaintiff was subsequently transported to a local precinct then Central Booking, where Plaintiff was subjected to another physical search of his person, photographed and fingerprinted by members of THE NEW YORK CITY POLICE DEPARTMENT. The Plaintiff was eventually arraigned and charged with violating Penal Law Sections 240.37 and 230.03 on the sworn Criminal Court complaint of Defendant NEW YORK CITY POLICE OFFICER SHAREEN GRANT, Shield # 20804, who was informed by Defendant Officer FIDANZA of the Plaintiff's alleged conduct which Defendant OFFICER FIDANZA, falsely stated was criminal in nature. The Plaintiff was

eventually released from the custody of THE NEW YORK CITY POLICE DEPARTMENT and required to retain counsel to defend himself against the baseless complaint filed by named Defendant Officers FIDANZA and GRANT.  After numerous Court appearances the criminal court case against the Plaintiff was dismissed on May 20, 2014, immediately prior to Plaintiff's criminal case proceeding to trial.  As a result of the aforementioned prosecution the Plaintiff was reassigned by his employer and lost his position he held prior to the aforementioned prosecution.  The Plaintiff also suffered, and continues to suffer, extreme embarrassment and humiliation as a result of the named Defendant Officers alleged conduct.

## FIRST FEDERAL CLAIM

## Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest

12.  Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13.  Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER STEPHANI E CEPEDA acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully, arresting, and physically searching Plaintiff, without probable cause.

14.  That the actions of Defendant Police Officer CEPEDA, occurred in and during the course and scope of her duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

## Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-Malicious Prosecution

15. Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Fifteen (14) as if fully set forth herein.

16. That upon information and belief, the conduct of Defendant(s) NEW YORK CITY POLICE OFFICERS STEPHANI FIDANZA and SHAREEN GRANT, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging Plaintiff with the commission of a criminal offense without basis in law or fact.

17. As a consequence of the actions of Defendant(s) OFFICERS FIDANZA and GRANT, Plaintiff was required to make Court appearances and incur legal expense to defend against the false charges levied against him, and suffers fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## FIRST STATE LAW CLAIM

18. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER STEPHANIE CEPEDA, Shield # 15501, resulted in the false arrest, detention, photographs and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

20. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1)

through Nineteen (19) as if fully set forth herein.

21. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER STEPHANI FIDANZA resulted in the intentional infliction of emotional distress of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD STATE LAW CLAIM

22. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty One (21) as if fully set forth herein.

23. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER SHAREEN GRANT resulted in the intentional infliction of emotional distress to Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH STATE LAW CLAIM

24. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Three (24) as if fully stated herein.

25. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER STEPHANI FIDANZA, Shield # 5835 which resulted in the false arrest, detention, photographs, searches and criminal prosecution of Plaintiff, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### FIFTH STATE LAW CLAIM

26. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Five (25) as if fully set forth herein.

27. That the Defendant CITY OF NEW YORK, through the doctrine of Repsondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER STEPHANIE CEPEDA which resulted in the emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment, and incurrence of monetary damages, including legal bills.

### SIXTH STATE LAW CLAIM

28. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Seven (27) as if fully set forth herein.

29. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER SHAREEN GRANT, which resulted in the criminal prosecution, infliction of emotional distress, public humiliation and embarrassment upon Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant(s) New York City Police Officers STEPHANI FIDANZA, STEPHANIE CEPEDA and SHAREEN GRANT.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: December 30, 2014

_____
VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, New York 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com