UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

STEVEN MCCARTNEY,

                        Plaintiff(s),

          -against-

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
STEPHANI FIDANZA, Shield #5835
41st Precinct,
NEW YORK CITY POLICE OFFICER
STEPHANIE CEPEDA, Shield # 15501
41st Precinct,
NEW YORK CITY POLICE OFFICER
SHAREEN GRANT, Shield # 20804
Criminal Justice Bureau,

                        Defendant(s).

------------------------------------------------------- x

1:14-cv-10210-AJN

<u>ANSWER</u>

JURY TRIAL DEMANDED

        Defendants City of New, P.O. Stephanie Fidanza[1], and P.O. Shareen Grant, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the Complaint, dated December 30, 2014 (the "Complaint") respectfully allege, upon information and belief, as follows[2]:

        1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the Complaint, except

---

[1] The correct spelling of P.O. Fidanza's first name is "Stephanie".

[2] According to the docket sheet, the individually named officer, P.O. Stephanie Cepeda, has not been served with process and has not requested representation by this office.

admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

    3. Deny the allegations set forth in paragraph "3" of the Complaint.

    4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

    5. Defendant states that the statement set forth in paragraph "5" of the Complaint sets forth a jury demand to which no response is required.

    6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to lay venue as stated therein.

    7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

    8. Deny the allegations set forth in paragraph "8" of the complaint, except admits that on the date of incident P.O. Stephanie Fidanza, P.O. Stephanie Cepeda, and P.O. Shareen Grant were employees of the City of New York as police officers, and that the City of New York maintains a Police Department and the defendant respectfully refers the Court to the New York City Charter for a recitation of the relationship between the City and its agencies.

    9. The allegations set forth in paragraph "9" of the Complaint constitute conclusions of law to which no response is required, except admits that the City of New York maintains a Police Department and the defendant respectfully refers the Court to the New York City Charter for a recitation of the relationship between the City and its agencies.

    10. The allegations set forth in paragraph "10" of the Complaint constitute conclusions of law to which no response is required, except admits that the City of New York maintains a Police Department and the defendant respectfully refers the Court to the New York City Charter for a recitation of the relationship between the City and its agencies.

    11. Deny the allegations set forth in paragraph "11" of the complaint.

12. In response to the allegations set forth in paragraph "12" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. In response to the allegations set forth in paragraph "15" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. In response to the allegations set forth in paragraph "18" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as

if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

## FIRST AFFIRMATIVE DEFENSE

30. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

31. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

32. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

**FOURTH AFFIRMATIVE DEFENSE**

33. Plaintiff provoked or was at fault for the incident.

**FIFTH AFFIRMATIVE DEFENSE**

34. There was reasonable suspicion to stop plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

35. There was probable cause for plaintiff's arrest and prosecution.

**SEVENTH AFFIRMATIVE DEFENSE**

36. Plaintiff may have failed to comply with the conditions precedent to suit.

**EIGHTH AFFIRMATIVE DEFENSE**

37. Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

38. Plaintiff failed to mitigate his alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

39. Punitive damages cannot be assessed as against The City of New York.

**ELEVENTH AFFIRMATIVE DEFENSE**

40. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendants' officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

**TWELF AFFIRMATIVE DEFENSE**

41. Defendants P.O. Fidanza and P.O. Grant are immune from suit for their exercise of discretion in the performance of a governmental function and/or his exercise of professional judgment.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

42. Defendants P.O. Fidanza and P.O. Grant did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are entitled to qualified immunity.

## **FOURTEENTH AFFIRMATIVE DEFENSE**

43. To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims may be barred in whole or in part by reason of plaintiffs' failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

## **FIFTEENTH AFFIRMATIVE DEFENSE**

44. Plaintiff's state law claims are barred in whole or in part by the statute of limitations.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

45. Injunctive relief is not appropriate in this case.

**WHEREFORE,** defendants City of New York, P.O. Fidanza, and P.O. Grant respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
         March 23, 2015

                                    Respectfully submitted,

                                    ZACHARY W. CARTER
                                  Corporation Counsel of the
                                  City of New York
                                  *Attorney for Defendants City of New York, P.O. Fidanza, and P.O. Grant*
                                  THE CITY OF NEW YORK
                                  100 Church Street, WS 3-183
                                  New York, New York  10007
                                  (212) 356-3548
                                  dbraun@law.nyc.gov

                               By:  ___/s/_____
                                    Daniel M. Braun
                                    Assistant Corporation Counsel

1:14-cv-10210-AJN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN MCCARTNEY,

                                  Plaintiff(s),

-against-

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER STEPHANI FIDANZA, Shield #5835
41st Precinct, NEW YORK CITY POLICE OFFICER STEPHANIE CEPEDA, Shield # 15501
41st Precinct, NEW YORK CITY POLICE OFFICER SHAREEN GRANT, Shield # 20804 Criminal Justice Bureau,

                                  Defendant(s).

**ANSWER**

*ZACHARY W. CARTER*

*Corporation Counsel of the City of New York*
*Attorney for Defendants City, P.O. Fidanza, and P.O. Grant*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Daniel M. Braun*
*Tel:  (212) 356-3548*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..........................................., 2015*

*......................................................................Esq.*

*Attorney for ...........................................................*